IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOVO NORDISK A/S and NOVO NORDISK, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> OPTIMED OF OKLAHOMA D/B/A ) <br> BELLE VIE OF OKLAHOMA, ) <br> ) <br> Defendant. ) | NO. CIV-24-0798-HE |

## ORDER

Before the court is Novo Nordisk's Motion to Enter Default. [Doc. #41]. Plaintiffs seek entry of default against defendant pursuant to Fed. R. Civ. P. 55(a), or in the alternative, default judgment pursuant to Fed. R. Civ. P. 16(f)(1)(C). Defendant has not responded to the motion within the time specified by LCvR 7.1(g). Upon independent review, the court finds the motion should be granted to the extent it seeks default judgment, pursuant to Rule 16(f)(1)(C), as to defendant's liability.

Background

Plaintiffs filed a complaint on August 2, 2024, seeking injunctive and monetary relief under the Lanham Act, 35 U.S.C. § 1125(a)(1)(B), and the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51-56. According to plaintiffs, defendant engaged in false advertising and unfair and deceptive trade practices. Defendant filed an answer to plaintiffs' complaint, and it also filed a third-party complaint against its insurer, Hartford

Underwriters Insurance Company. Subsequently, defendant voluntarily dismissed with prejudice the third-party complaint against Hartford.

At the unopposed requests of defendant [Doc. ##24, 29, 33], the court continued the scheduling conference in "light of the potential settlement" of the action. [Doc. ## 26, 30, 34].

Shortly before the scheduling conference set on May 7, 2025, defense counsel filed a motion to withdraw counsel of record based on an "unresolvable conflict." [Doc. #37]. On May 2, 2025, the court granted the motion and ordered new counsel to enter an appearance within 30 days. [Doc. #38]. In addition, the court required that subsequent papers may continue to be served upon defense counsel until new counsel entered an appearance. To date, defendant has not obtained new counsel.

On May 13, 2025, plaintiffs emailed their discovery requests to defense counsel for service upon defendant. [Doc. #41-1]. Counsel forwarded the discovery requests to defendant. [Doc. # 41-3, ¶3]. The responses to those requests were due by June 12, 2025. Defendant did not respond to those requests.

On June 2, 2025, the court ordered another scheduling conference for July 2, 2025. Thereafter, on June 17, 2025, the court received a letter from Steven Braudway, representing to be defendant's former owner, stating that defendant "is no longer in operation and has been legally dissolved" as of "June 9, 2025." [Doc. # 40]. The letter stated defendant was "unable to retain legal counsel, respond to motions, or otherwise defend itself[.]" *Id.* Subsequently, the court held the July 2nd scheduling conference, with no appearance by anyone on behalf of defendant.

Analysis

Rule 16(f)(1)(C) permits the court to issue any just orders, including those authorized by Rule 37(b)(2)(A)(i)-(vii), if a party "fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).  Available sanctions under Rule 37 include the "rendering of default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).

Before entering default judgment, the court must consider the factors in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).  *See* Baxter Construction Company, LLC v. SF Construction, Inc., Civil Action No. 22-cv-01117-NYW, 2023 WL 5822502, at *2 (D. Colo. Sept. 8, 2023).  The Ehrenhaus factors include (1) "the degree of actual prejudice to the [opposing party]," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that [default judgment] would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."  Ehrenhaus, 965 F.2d at 921.  Applying the factors, the court concludes that they weigh in favor of entry of default judgment.

Plaintiffs are obviously prejudiced by defendant's conduct.  This case was filed in August 2024.  Plaintiffs agreed to several continuances of the scheduling conference to resolve the case by settlement rather than by litigation.  However, a settlement was not reached.  Plaintiffs have attempted to proceed forward, but defendant's failure to obtain new counsel has hindered plaintiffs' ability to obtain discovery and to prosecute their claims.  Defendant also has interfered with the judicial process because its conduct has brought this case to a standstill and wasted judicial resources.  Defendant's culpability is

3

apparent because it has ignored the court's order. On behalf of defendant, defense counsel requested 30 days to obtain new counsel, which the court granted. Thirty days was sufficient time to obtain new counsel. The fact defendant has been dissolved does not prevent it from defending the lawsuit. 18 Okla. Stat. § 2039(A)(2)(a). Although the court gave no warning of possible default judgment, the court has no doubt defendant was apprised by defense counsel, prior to withdrawal, of the importance of obtaining new counsel. Indeed, it is well-settled that "a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). Further, the court concludes that any sanction short of a default judgment would not have any efficacy. Monetary sanctions would solve the issue of lack of counsel.

## Conclusion

For the reasons stated, Novo Nordisk's Motion to Enter Default [#41] is **GRANTED** to the extent it seeks default judgment as to defendant's liability on plaintiffs' claims. An evidentiary hearing with respect to the monetary and injunctive relief sought by plaintiffs is set for **Monday, July 28, 2025, at 10:00 a.m**., in Courtroom No. 501.

**IT IS SO ORDERED**.

Dated this 15th day of July, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE